FILED

October 20, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:33 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| PATRICIA CROWSON, | ) | |
| Employee, | ) | Docket No.  2016-06-0829 |
| | ) | |
| v. | ) | State File No. 26542-2015 |
| | ) | |
| UDR, INC., | ) | Judge Joshua Davis Baker |
| | ) | |
| Employer, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TRISTAR INSURANCE GROUP, | ) | |
| Insurer. | ) | |

## ORDER DENYING TEMPORARY DISABILITY AND
## MEDICAL BENEFITS
## (FILE REVIEW ONLY)

This cause came before the undersigned on a Request for Expedited Hearing (REH) filed by Patricia Crowson pursuant to Tennessee Code Annotated § 50-6-239 (2015).  Ms. Crowson has asked that the Court enter an interlocutory order based on its review of the file and without an evidentiary hearing.  The employer, UDR Inc., concurred with the file review request.  The Court finds it has sufficient information in the claim file to render a decision in this REH and grants the request for entry of an order without an evidentiary hearing.

In this REH, Ms. Crowson seeks temporary total disability and medical benefits.  The central legal dispute concerns whether deep vein thrombosis (DVT) Ms. Crowson developed subsequent to surgery for a work-related knee injury is causally related to the workplace accident, or the surgery undertaken to correct the injury.  For the reasons provided below, the Court holds Ms. Crowson failed to carry her burden of proving that she is likely to succeed at a hearing on the merits

in establishing a causal relationship.  The Court, therefore, denies her claim for temporary total disability and medical benefits at this time.[1]

## Claim History

Ms. Crowson seeks medical benefits for DVT.  As this condition allegedly rendered her unable to work, she also seeks temporary total disability benefits.  In her REH, Ms. Crowson asked the Court to issue a ruling based on a review of the documents in the claim file.  UDR filed a response to the REH assenting to the Court issuing a ruling without an evidentiary hearing.  Thus, the Court derived the claim history summary provided herein solely from the documents in the claim file.

According to the affidavit filed contemporaneously with her REH, Ms. Crowson injured her left knee in a fall on April 6, 2015 while in the course and scope of her employment as an administrative assistant with UDR.[2]  (R. 5.)  UDR provided Ms. Crowson a panel of physicians and she selected Dr. Blake M. Garside (R. 4 at 4.)

Dr. Garside diagnosed Ms. Crowson with a left knee meniscal tear and several other knee conditions.  He operated on her knee on June 15.  (R. 4 at 6.) He returned her to work on restricted duty  after the surgery, and then released her to work at full duty on August 10.  *Id*. at 100.  The treatment notes indicate she was doing very well at the follow-up appointment and experiencing only occasional weakness with no numbness or tingling.  Dr. Garside assigned an impairment rating of one percent to the body as a whole. *Id*. at 104.

Approximately four months after her surgery, on October 8, Ms. Crowson went to Centennial Medical Center complaining of swelling and increased pain in her left calf that began six days prior.  (R. 4 at 18.)  She also complained of swelling in her left knee.  An ultrasound of her left lower extremity revealed left lower-extremity DVT.  Additionally, a CT scan of her chest showed bilateral pulmonary embolism.  According to the medical records, Ms. Crowson had no prior history of blood clots.

---

[1] Additional information regarding the documents the Court considered in this record review is attached to this Order as an Appendix.

[2] Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(a) requires that an REH "must be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits. *See also Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk Comp App Bd LEXIS 14 (Tenn. Workers' Comp. App. Bd. May 18, 2015).  Ms. Crowson included the affidavit of her attorney with the REH.   While the affidavit technically satisfied the affidavit requirement of the Rules and *Hadzic,* the statements contained within are of no evidentiary value.

After the DVT diagnosis, Ms. Crowson returned to Dr. Garside for evaluation. Concerning the cause of the DVT, Dr. Garside wrote the following in the treatment notes:

> All lower extremity surgeries pose an increased risk for a deep vein thrombosis. Following surgery, it would be extremely unlikely for a DVT to [have] developed greater than 90 days post surgery and be related to that procedure. Given the time frame from her surgery to presentation of the DVT/PE I would be concerned about an underlying generalized medical cause or hypercoagulable state and would recommend further workup by her primary care physician.

*Id.* at 107.

Ms. Crowson received treatment privately for DVT over the next several months. Her treatment included use of the anticoagulant, Coumadin, and she eventually came under the care of Dr. Ruth Lamar for regulation of that drug. Counsel for Ms. Crowson sent Dr. Lamar a letter seeking her opinion on the cause of Ms. Crowson's DVT. Dr. Lamar opined that Ms. Crowson's knee surgery performed in connection with her workplace accident caused her to develop DVT. (R. 3 at Ex. 4.)

After Dr. Lamar issued this opinion, Dr. Garside sent a letter to counsel for UDR. In the letter, he stated he had reviewed Dr. Lamar's treatment notes and causation opinion and noted the history provided to Dr. Lamar differed from his medical notes concerning Ms. Crowson's post-surgery condition. (R. 4 at 112.) Specifically, Dr. Garside cited the portion of Dr. Lamar's initial consultation note that indicated Ms. Crowson's leg was "painful and swollen following surgery" and the condition progressed until she saw her primary care physician in October. In the rest of the letter, Dr. Garside affirmed his previous opinion that it would be "very unlikely" that the DVT condition would develop so long after an arthroscopic knee surgery in a patient who was otherwise active.

## Application of Law and Conclusion

Ms. Crowson has the burden of proof on all essential elements of her workers' compensation claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). She does not, however, need to prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar.

3

27, 2015). Instead, Ms. Crowson has the burden to come forward with sufficient evidence from which this Court can determine she is likely to prevail at a hearing on the merits. *Id.*

UDR accepted Ms. Crowson's knee injury as compensable and provided her authorized care with Dr. Garside whom Ms. Crowson selected from a panel under Tennessee Code Annotated 50-6-204(a)(3). Approximately six months after undergoing knee surgery, Ms. Crowson developed DVT and suffered bilateral pulmonary embolism.

As previously stated, Ms. Crowson bears the burden of proof in these proceedings. Except in "the most obvious, simple and routine cases," a workers' compensation claimant must establish by expert medical testimony that he or she is injured and that there exists a causal relationship between the injury and the claimant's employment activity. Wheetley v. State, No. M2013-01707-WC-R3-WC, 2014 Tenn. LEXIS 476, at *5 (Tenn. Workers' Comp. Panel June 25, 2014) (citing Excel Polymers, LLC v. Broyles, 302 S.W.3d 268, 274 (Tenn. 2009); Cloyd v. Hartco Flooring Co., 274 S.W.3d 638, 643 (Tenn. 2008)). To succed in this proceeding, Ms. Crowson must present expert medical testimony to support her claim.

Dr. Garside opined that no causal relationship existed between these conditions and her work related accident or the resulting surgery. As the authorized treating physician, Dr. Garside's opinion on the causal relationship between these conditions and her work injury is presumed correct. *See* Tenn. Code Ann. § 50-6-102(13)(E) (2014) ("The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence.").

Accordingly, in order to obtain the desired treatment for DVT and pulmonary embolism, Ms. Crowson must present countervailing evidence sufficient to overcome Dr. Garside's causation opinion.

Ms. Crowson presented a causation opinion from Dr. Lamar to overcome the presumption. Dr. Lamar's opinion directly contradicts that of the panel physician. However, Dr. Lamar provided no explanation of why her opinion on causation differs from that of Dr. Garside. Without an explanation of why her opinion differs, it is not sufficient to overcome the presumption of correctness attached to Dr. Garside's opinion.

In an effort to support Dr. Lamar's opinion, Ms. Crowson presented several excerpts from the *AMA Guides to the Evaluation of Disease and Injury Causation,*

4

*Second Edition* (*AMA C&D Guides*) and a research paper on DVT.[3] (R. 3 at Ex. 2.) UDR, however, objects to the introduction of these excerpts and the paper.

As basis for the objection, UDR argues the excerpts and the research paper are hearsay and can only be used to cross-examine a physician concerning their opinion pursuant to Rules 803 and 618 of the Tennessee Rules of Evidence. The Court agrees. Essentially, Ms. Crowson has provided Dr. Lamar's causation opinion and asked the Court to read excerpts from the *AMA C&D Guides* and a research paper to deduce the reasoning for her opinion. The Court declines to do so. If Ms. Crowson wishes to overcome the presumption of accuracy attached to Dr. Garside's opinion by reference to these guides and the research paper, she needs to depose Dr. Lamar or use these materials to cross-examine Dr. Garside during his deposition.

At present, the Court has two causation opinions. Both are provided without explanation. Because Dr. Garside's causation opinion statutorily is presumed correct and Ms. Crowson presented no explanation of the difference between his opinion and Dr. Lamar's, she failed to overcome the presumption of correctness attached to Dr. Garside's causation opinion.

Accordingly, the Court holds Ms. Crowson's claim for additional medical benefits to treat her DVT condition must fail at this time. Furthermore, because she is unlikely in proving a causal relationship between her DVT and the workplace injury, Ms. Crowson's request for temporary disability benefits must also fail.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Crowson's claim for additional medical benefits to treat her DVT condition is denied at this time.

2. Ms. Crowson's claim for temporary disability benefits is denied at this time.

3. This matter is set for a scheduling hearing on December 1, 2015, at 9:30 a.m. (CST).

**ENTERED ON THIS THE 20TH DAY OF OCTOBER, 2016.**

---

[3] This text should not be confused with the *AMA Guides to the Evaluation of Permanent Impairment, Sixth Edition*, which the General Assembly expressly adopted as the prevailing text for physician use when assigning permanent impairment for any workers' compensation claim in Tennessee.

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

Scheduling Hearing:

A Scheduling Hearing has been set with **Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the Hearing.**

**Please Note:** **You must call in on the scheduled date/time to participate.** **Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or

6

denying the request for a waiver of the filing fee as soon thereafter as is practicable. **<u>Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.</u>**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing with the following exhibits attached:
   - Ex. 1. Defense Position Statement
   - Ex. 2. Relevant Documentation from the AMA Guides[4]
   - Ex. 3. Medical Research Paper Entitled Natural History of Venous Thrombosis
   - Ex. 4. Causation Opinion/Medical Records of Dr. Ruth Lamar
4. Collective exhibit containing wage statement, choice of physician form and medical records.
5. Affidavit of Zachary Wiley

---

[4] The excerpts included were taken from the *AMA Guides to the Evaluation of Disease and Injury Causation, Second Edition*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 20th day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| **Zachary Wiley** | | | x | zwiley@forthepeople.com |
| **Alaina M. Beach** | | | x | alaina.beach@mgclaw.com |

**Penny Shrum, Clerk**
**Tennessee Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**